IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------- X
                                      :
YOU GREET, LLC,                       :   Civil Action No. _____
                                      :
              Plaintiff,              :
                                      :   **COMPLAINT AND JURY DEMAND**
       -against-                      :
                                      :
TAP FOR MESSAGE,                      :
                                      :
              Defendant.              :
------------------------------------- X

## COMPLAINT

You Greet, LLC ("You Greet" or "Plaintiff") for its Complaint against Tap For Message ("TFM" or "Defendant") and through their undersigned counsel and on personal knowledge as to their own acts and otherwise on information and belief, hereby allege as follows:

## THE PARTIES

1.     You Greet is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 30 Butler Lane, New Canaan, Connecticut 06840.  You Greet is the owner of U.S. Patent No. 8,396,754 ("the '754 patent"), issued to Dooley et al. and entitled SYSTEM AND METHOD FOR AN ELECTRONIC GIFT KEY.  A copy of the '754 patent is attached hereto as **Exhibit A**.

2.     Upon information and belief, Defendant is unincorporated having a principal place of business located at 832 Spicer Avenue, South Plainfield, New Jersey 07080.

3.     According to its website, http://www.tapformessage.com/aboutus/, Defendant provides a variety of products which allow an individual to make a personalized greeting card by attaching a video or audio message to deliver with their gift.   Defendant

manufactures cards, stickers, hang tags, gift card cases/sleeves, and invitation cards which allow smart phone, tablet and computer users to easily make and access personalized greeting cards.  Defendant's products have an embedded NFC (near field communications) chip that allows NFC enabled smart phones to interact in a contact-less way with its products with the built-in wireless technology.

4. As indicated in and evidenced by Paragraph 13 herein, Defendant has sold and continues to sell and ship its products to consumers located in the State of Connecticut.

## NATURE OF ACTION

5. This is a civil action seeking damages and injunctive relief for infringement of the '754 patent under the patent laws of the United States, 35 U.S.C. §§ 271 (infringement of patent), 281 (remedy for patent infringement), 282 (presumption of validity), 283 (injunction), 284 (damages), and 285 (attorney's fees).

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (civil action arising under the Constitution, laws, or treaties of the United States), 28 U.S.C. § 1332 (the parties are citizens are different States and the matter in controversy exceeds the sum or value of $75,000), and 28 U.S.C. § 1338 (patent, copyright, and trademark controversies).

7. Upon information and belief, Defendant is subject to the personal jurisdiction of this Court because it, *inter alia*, transacts business within this District by offering to sell and selling its goods to consumers located within this District and shipping its goods to this District, as indicated and evidenced by Paragraph 13, herein.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, as this is the judicial district in which a substantial part of the events giving rise to Plaintiff's claims occurred and Defendant is subject to personal jurisdiction here.

## THE PATENT IN-SUIT

9.     U.S. Patent No. 8,396,754 ("the '754 patent"), issued to Dooley et al. and entitled SYSTEM AND METHOD FOR AN ELECTRONIC GIFT KEY, a true and correct copy of which is appended hereto as **Exhibit A**.  The '754 patent was duly issued on March 12, 2013 to inventors Christopher P. Dooley, Loren Taylor, and Paul S. Nielsen.

10.    The rights of deceased inventor, Paul S. Nielsen, in the '754 patent were assigned by the Estate of P. Nielsen to Christopher. Dooley on October 10, 2012.  The assignment from the Estate of P. Nielsen was recorded at the U.S. Patent & Trademark Office on November 27, 2012 at Reel 029357 and Frame 0948.  Inventor Dooley assigned all his right, title and interest in the '754 patent to Product Spring, LLC on January 16, 2013. The assignment from Inventor Dooley was recorded at the U.S. Patent & Trademark Office on January 17, 2013 at Reel 029647 and Frame 0790.  On January 12, 2013, inventor, Loren Taylor, assigned his rights to the '754 patent to Taylored Concepts.  The assignment from inventor Taylor was recorded at the U.S. Patent & Trademark Office on January 15, 2013 at Reel 029627 and Frame 0411. Lastly, on March 13, 2013 Products Spring, LLC and Taylored Concepts, LLC assigned their rights to the '754 patent to You Greet, LLC. The assignment from Product Spring LLC was recorded at the U.S. Patent & Trademark Office on March 30, 2013 at Reel 030049 and Frame 0326.   The assignment from Taylored Concepts was recorded at the U.S. Patent & Trademark Office on March 30, 2013 at Reel 030049 and Frame 0519.

11. The '754 patent is directed to, among other things, systems and methods for enabling access to an electronic greeting card from a remote system after a gift key is linked to a local system. The '754 patent notes that the gift key could be disposed along a box, a bag, a ribbon, an envelope, or a gift wrapping or configured as a sticker with an adhesive backing.

## DEFENDANT'S INFRINGEMENT OF THE PATENT IN-SUIT

12. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

13. Prior to November 4, 2013, it came to Plaintiff's attention that TFM was promoting, marketing, and selling at least one product line called a "personalized greeting tag".

14. On November 4, 2013, Plaintiff's counsel sent by UPS Next Day Air a letter to the CEO of Defendant, Mr. Kadeer Beg, informing him that the personalized greeting products, namely stickers, hang tags and cards, being offered for sale by Defendant infringe the '754 patent. The letter further requested that Defendant cease and desist from the manufacture, use, sale, offer for sale, and importation of its personalized greeting products. Plaintiff gave Defendant a deadline of November 15, 2013 to respond to the letter. A copy of the November 4, 2013 letter is included as **Exhibit B**.

15. Plaintiff did not receive a written response to the November 4, 2013 letter from Defendant. Several months after the deadline for responding had passed, Plaintiff contacted Defendant by e-mail and phone. Plaintiff spoke with Kadeer Beg who acknowledged receiving the November 4, 2013 letter and not responding to the same.

16. Upon information and belief, Defendant continues to manufacture, distribute,

sell, and offer to sell its personalized greeting products within the United States through at least its website.  A sample product which was purchased in August of 2013 using Defendant's website and shipped to Jessica Finck at 30 Butler Lane, New Canaan, CT 06840 is shown in **Exhibit C**.  The invoice for this purchase is provided as **Exhibit D**.

17. Despite Plaintiff's prior letter of November 4, 2013, Defendant continues to infringe the '754 patent.  Given Plaintiff's prior notice to Defendant, and the fact that Defendant has failed to provide a reply to its notice letter, it appears that Defendant knowingly and willfully continues its infringing conduct.

## CAUSES OF ACTION

### COUNT I: PATENT INFRINGEMENT
### (35 U.S.C. § 271; 35 U.S.C. § 289)

18. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein.

19. Defendant has infringed and continues to infringe the claims of the '754 patent by making, offering for sale and/or selling personalized greeting products which infringe the '754 patent.

20. Upon information and belief, the acts of infringement alleged above are and have been deliberate, intentional and willful, and in actual and full knowledge of the existence of the '754 patent.

21. As a direct and proximate consequence of Defendant's infringement of the '754 patent, You Greet has been, is being and, until such acts and practices are enjoined by this Court, will continue to be damaged in its business and property, for which You Greet is entitled to injunctive relief and damages, as set forth in 35 U.S.C. §§ 281, 283 and 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court, upon final hearing of this matter, grant the following relief against Defendant:

A.　That Defendant be adjudged to have engaged in patent infringement under 35 U.S.C. §§ 271 and 289;

B.　That the Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be permanently enjoined pursuant to 35 U.S.C. § 283 from engaging in any activities which infringe Plaintiff's rights in the '754 patent, including manufacturing, distributing, promoting, selling or offering to sell product that directly infringe or contributorily or actively induce infringement of the '754 patent;

C.　That Defendant be required to account for and pay over to Plaintiff all damages sustained by Plaintiff, as well as any and all of Defendant's gains, revenues, profits and advantages attributable to or derived by the acts complained of in this Complaint, including an assessment of interest on the damages so computed, pursuant to 35 U.S.C. §§ 284 and 289, and all other applicable law;

D.　That each such award of damages be enhanced to the maximum available for each infringement in view of Defendant's willful infringement of Plaintiff's rights;

E.　That Defendant be required to immediately halt all manufacturing, distribution, selling, and offering for selling any and all of its personalized greeting products, as well as be required to pull and/or remove all infringing products from all stores and/or sellers' inventories;

F.　That Plaintiff recover the costs of this action including its expenses and reasonable attorney's fees pursuant to 35 U.S.C. § 285 and all other applicable law, because of

the deliberate and willful nature of the infringing activities of Defendant sought to be enjoined hereby, which make this an exceptional case warranting such award;

      G.     That Plaintiff be awarded pre-judgment and post-judgment interest;

      H.     That Plaintiff obtain all further relief permitted under the laws of the United States and the State of Connecticut; and

      I.     That Plaintiff obtains all such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial of it claims for relief herein before a jury.

Dated: July 10, 2014

                                          */s/ Barry Kramer*
                                          _____
                                          Barry Kramer (CT 06932)
                                          bkramer@edwardswildman.com
                                          David J. Silvia (CT 25134)
                                          dsilvia@edwardswildman.com
                                          EDWARDS WILDMAN PALMER LLP
                                          One Canterbury Green
                                          201 Broad Street
                                          Stamford, CT 06901
                                          Tel. (203) 975-7505
                                          Fax. (203) 975-7180
                                          Attorneys for Plaintiff